UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  15-80812-Civ-Rosenberg/Brannon

CELIO HERNANDEZ-SABILLON,

      Plaintiff,

vs.

NATURALLY DELICIOUS, INC., *et al.*,

      Defendants.

                               /

## ORDER FOLLOWING IMPROMPTU DISCOVERY HEARING

THIS CAUSE is before the Court following a discovery hearing held on September 29, 2015.  There have been six separate discovery hearings in this FLSA case to date, starting on September 8, 2015, all to address the wide variety of discovery issues that counsel have been unable to resolve on their own.  At issue this time was the procedure for the recording of Defendant Arthur Price's deposition.  A simple matter one would think, especially given the large number of depositions that routinely go on in federal civil cases every single day.  Not so for counsel in this case.

Without belaboring the details, counsel could not agree as to whether a present court reporter should be the only one to audio and video record the deposition.  Knowing full well that the undersigned is presiding over an unrelated bench trial this week and has limited availability to set hearings on discovery disputes, counsel for both sides placed six separate calls to the undersigned's Chambers within a span of two hours this morning to bring the matter to the Court's attention.  The calls were less than professional, with allegations of one counsel unplugging another's office equipment together with allegations of another counsel attempting to

1

separately and illegally record the deposition.  Further, counsel would place independent calls simultaneously and, frankly, could be heard yelling over the phone.  Over the lunch hour, the Court held an impromptu discovery hearing at which time it determined, over Plaintiff's counsel's protestations, that the court reporter should be the only one to record Mr. Price's deposition.

The Court further announced its *sua sponte* plans to set a sanctions hearing in this matter following the close of discovery.  Apparently to no avail, the Court has previously warned counsel that there would be consequences for inappropriate conduct in discovery.  The time for consequences has come.  Drawing from its authority under the Federal Rules of Civil Procedure and its own inherent authority, the Court will act accordingly after giving counsel a right to be heard.  For the time being, however, the Court expects the parties and their counsel to focus their efforts on completing their outstanding discovery tasks by the existing Court-ordered deadline.

IT IS SO ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of September, 2015.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

2