UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80812-ROSENBERG/BRANNON

CELIO HERNANDEZ-SABILLON,

    Plaintiff,

v.

NATURALLY DELICIOUS, INC., ARTHUR PRICE,
HEALTHWISE BAKERY, LLC, and PABLO E.
ARAUJO,

    Defendants.
_____/

## ORDER DISMISSING DEFENDANTS HEALTHWISE BAKERY, LLC AND PABLO E. ARAUJO WITHOUT PREJUDICE

**THIS CAUSE** is before the Court *sua sponte*. On December 14, 2015, the Court issued an order directing Plaintiff to show cause why Defendants Healthwise Bakery, LLC and Pablo E. Araujo, who have not been served with process in this action, should not be dismissed without prejudice. *See* DE 89. Plaintiff timely responded on December 17, 2015. *See* DE 90-91. For the reasons set forth below, the Court finds that Plaintiff has failed to show good cause for his failure to serve these Defendants and no other circumstances exist to warrant an extension of time for service. Defendants Healthwise Bakery, LLC and Pablo E. Araujo are therefore **DISMISSED** without prejudice.

### I.    BACKGROUND

Although Plaintiff filed this action under the Fair Labor Standards Act ("FLSA") in June 2015, *see* DE 1, Plaintiff did not name Healthwise Bakery, LLC and Pablo E. Araujo as Defendants until the filing of the First Amended Complaint on August 12, 2015, s*ee* DE 25. This complaint alleges that Araujo is the managing agent, director, and/or owner of Healthwise Bakery, and that

1

Defendants Healthwise Bakery and Naturally Delicious were Plaintiff's joint employers. *See* DE 25 at ¶¶ 6, 8.

At a status conference on November 4, 2015, Plaintiff's counsel informed the Court that Defendants Healthwise Bakery and Araujo had not been served with process. *See* DE 73, 74. The time period for serving these Defendants passed on December 10, 2015. *See* Fed. R. Civ. P. 4(m); *Morrison v. Morgan Stanley Props.*, No. 06-80751-CIV, 2008 WL 1771869, at *2 (S.D. Fla. Apr. 15, 2008) (time period runs upon the "filing of the first version of the complaint naming the particular defendant to be served.").[1] Accordingly, on December 14, 2015, the Court directed Plaintiff to show cause why these Defendants should not be dismissed without prejudice. *See* DE 89.

Plaintiff's response to the order to show cause states in its entirety: "Plaintiff has made repeated attempts to serve Defendant Pablo Araujo at the address provided in Defendant Naturally Delicious, Inc.'s and Arthur Price's Third, Fourth, Fifth, and Sixth Amended Initial Disclosures. See *Affidavit of Non-Service*, D.E. 90." *See* DE 91. The referenced affidavit of non-service states that, on November 9, 2015, a process server attempted to serve Araujo at 125 SE 4th Avenue, Hallandale, FL 33009, "a duplex," but found that "Unit A is vacant" and "subject is unknown in Unit B, per current tenant[.]" DE 90. The process server notes he was unable to complete service because he "failed to find Pablo E. Araujo or any information to allow further search[.]" *Id.*

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that, if a plaintiff fails to timely serve a defendant,

> [T]he court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] The Court applies the 120-day period for service that was in effect when this lawsuit was initially filed and when these Defendants were added to the case. Because this time period has lapsed, the Court finds it unnecessary to decide whether the new 90-day period for service, which took effect on December 1, 2015, applies retroactively.

Fed.R.Civ.P. 4(m).

The plaintiff bears the burden of demonstrating "good cause" to justify an extension of the time for service. *Steinberg v. Barclay's Nominees (Branches), Ltd.*, No. 04-60897-CIV, 2008 WL 4500395, at *2 (S.D. Fla. Sept. 30, 2008). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake." *Steinberg*, 2008 WL 4500395, at *2; *see also Joe Hand Promotion, Inc. v. Koda*, No. 2:14CV623-MHT, 2014 WL 7408215, at *2 (M.D. Ala. Dec. 31, 2014) (same).

"Where a plaintiff fails to show good cause for failing to effect timely service . . . , the district court must still consider whether any other circumstances warrant an extension of time based on the facts of this case." *Lepone-Dempsey*, 476 F.3d at 1282. These factors may include "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (quoting the Advisory Committee Notes to Rule 4(m)); *see, e.g., Johnson v. City of Clanton, Ala.*, 2005 WL 1618556 (M.D. Ala. July 7, 2005) (exercising discretion to extend time for service, in absence of good cause, because plaintiff's had served the defendants within 124 days and statute of limitations would bar plaintiff's claims if the defendants were dismissed without prejudice). A district court has discretion to grant or deny such an extension, where good cause has not been shown. *See Lepone-Dempsey*, 476 F.3d at 1280 (reviewing decision for abuse of discretion); *Horenkamp*, 402 F.3d at 1133 (same, and noting "the running of the statutes of limitations does not require that a district court extend the time for service of process").

### III. ANALYSIS

The Court finds that Plaintiff has failed to establish good cause for his failure to timely serve Defendants Araujo and Healthwise Bakery. Plaintiff alleges that he has "made repeated attempts" to serve Araujo at an address provided by the two Defendants currently participating in this case. *See* DE 91. However, Plaintiff fails to list or detail these attempts. Although a summons was issued as to these Defendants on August 19, 2015, *see* DE 26, the only return of service in the Court file is the one Plaintiff filed in response to this Court's show cause order, *see* DE 90. This return indicates service was attempted on November 9, 2015, three months after the complaint naming these Defendants was filed and one month prior to the 120-day deadline. *Id.* It thus is not clear how many attempts Plaintiff made and when. *See Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005) (where plaintiff waited until seven months after the complaint was filed to attempt service, the failure to timely serve "sound[ed] more in negligence"); *Ingram v. Ingram*, 2012 WL 11867302 (finding plaintiff failed to good cause for failure to serve where plaintiff "waited until the eleventh hour to arrange for service of process"). Moreover, Plaintiff has not described what efforts he made, if any, to find an address at which to serve Araujo or Healthwise Bakery, once he discovered that they could not be served at the address provided by Defendants. Plaintiff also never sought an extension of the time for service from this Court. *See Joe Hand*, 2014 WL 7408215, at *3 (noting plaintiff "filed its extension motion 11 days before the 120-day time for service had run," and "[h]ad [plaintiff] waited until after the time for service had run, its case would have been weaker"). Plaintiff has therefore failed to meet his burden of demonstrating good cause for his failure to serve Defendants Araujo and Healthwise Bakery.

The Court further finds that, notwithstanding Plaintiff's failure to show good cause, there are no other circumstances warranting an extension of time. *See Lepone-Dempsey*, 476 F.3d at 1282. Plaintiff does not contend that these Defendants are evading service. *See* DE 90-91. Additionally,

dismissing these Defendants without prejudice would not result in the statute of limitations barring Plaintiff's claims against them. *See Lockaby v. Top Source Oil Analysis*, 998 F. Supp. 1469, 1471 (N.D. Ga. 1998) (under 29 U.S.C. § 255(a), "Claims for unpaid overtime compensation under the FLSA normally must be brought within two years of the violation," but "in cases involving willful violations of the FLSA, the limitations period is extended to three years."); DE 25-2 (Plaintiff's statement of claim, alleging the violations occurred between March 2014 and February 2015); *see also* DE 25 at ¶ 12 (Plaintiff's First Amended Complaint, alleging the violations were willful). Finally, the Court notes that an extension of time for service has the potential to greatly prejudice Defendants Naturally Delicious and Arthur Price, because discovery has been completed and trial is set to begin in less than a month.

## IV. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Defendants Healthwise Bakery, LLC and Pablo E. Araujo are **DISMISSED** without prejudice due to Plaintiff's failure to serve them within the time period provided in Federal Rule of Civil Procedure 4(m).

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of December, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record