UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80812-ROSENBERG/BRANNON

CELIO HERNANDEZ-SABILLON,

    Plaintiff,

v.

NATURALLY DELICIOUS, INC., ARTHUR PRICE,
HEALTHWISE BAKERY, LLC, and PABLO E.
ARAUJO,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court on Defendants' Motion in Limine to Exclude Compromise Letter [DE 75], Defendants' Motion in Limine to Include Evidence of Plaintiff's Social Security Number, Alien Registration Number, and Immigration Status [DE 76], and Plaintiff's Motion in Limine [DE 77]. As further explained below, Defendants' Motion in Limine to Exclude Compromise Letter [DE 75] is **DENIED** because this letter was not an offer of compromise covered by Federal Rule of Evidence 408. Defendants' Motion in Limine to Include Evidence of Plaintiff's Social Security Number, Alien Registration Number, and Immigration Status [DE 76] is **DENIED** without prejudice to Defendant re-raising this issue at trial if it believes Plaintiff has opened the door to such evidence. Plaintiff's Motion in Limine [DE 77] is **GRANTED** in part, to the extent it seeks exclusion of Plaintiff's immigration status and reference to liquidated damages, attorney's fees, and costs. To the extent it seeks to exclude Pablo Araujo as a witness, the Court will hear argument on this matter if Defendants seek to call him at trial.

I.    BACKGROUND

Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime, liquidated damages, attorney's fees, and costs. Plaintiff's amended complaint was filed against Naturally Delicious, Inc. and its alleged owner Arthur Price, as well as Healthwise Bakery, LLC and its alleged owner Pablo E Araujo. *See* DE 25. Plaintiff contends that Naturally Delicious and Healthwise Bakery function as "a single enterprise" under the FLSA and were Plaintiff's joint employers. *See* DE 25 at 2 ¶¶ 5-6 (first amended complaint). Defendants Naturally Delicious and Arthur Price deny this and deny that Plaintiff was their employee. *See* DE 29 at 1-2 ¶¶ 2, 5-6 (answer); *see also* DE 27 (response to statement of claim). These Defendants also argue Plaintiff is not entitled to liquidated damages because they did not willfully violate the FLSA. *Id.* at 3.[1] On December 18, 2015, the Court dismissed Healthwise Bakery, LLC and Pablo E. Araujo from this action without prejudice, due to Plaintiff's failure to timely serve them with process. *See* DE 92.

II.    ANALYSIS

A.    **Defendants' Motion In Limine to Exclude Compromise Letter**

Naturally Delicious and Price (hereinafter, "Defendants") move to exclude a July 1, 2015 letter sent by Defendants' counsel to Plaintiff's counsel. *See* DE 75. In the letter, Defendants' counsel informed Plaintiff that he had "sued the wrong parties" because "[m]y clients never employed your client." DE 75-1. Defendants' counsel asserted that Plaintiff was instead employed by former Defendant Healthwise Bakery, attaching a Form I-9 that Defendants' counsel asserted was executed by Plaintiff on March 31, 2014. *Id.* Defendants' counsel asserted that Naturally Delicious was the landlord for Healthwise, attaching a "July 15, 2011 commercial lease" between the two. *Id.* Defendants' counsel concluded: "Please voluntarily dismiss with

---

[1] Although Defendants raised the statute of limitations as an affirmative defense in their answer, they now concede that Plaintiff's claim was timely brought. *See* DE 88 at 3 ¶ VII(A) (pretrial stipulation).

prejudice your client's claims against my clients. Otherwise, my clients will move to dismiss the lawsuit and for recovery of attorney's fees and costs." *Id.* Defendants assert that Plaintiff plans to introduce this letter at trial to: (1) impeach Defendants for a prior inconsistent statement regarding the lease; and (2) authenticate the Form I-9. *See* DE 75 at 2; *see also* DE 88-1 (Plaintiff's trial exhibit list, stating Plaintiff expects to offer the email). They argue the letter is inadmissible on two grounds.

First, Defendants argue that the letter cannot be used to authenticate the Form I-9 because "[n]either Defendants nor their counsel have personal knowledge to authenticate the Form I-9," which "can be authenticate[d] from the testimony of Plaintiff and . . . Healthwise Bakery, LLC." DE 75 at 2. The parties dispute the origin of the Form I-9. Defendants' position is that the Form I-9 was filled out by Plaintiff when he began working at Healthwise Bakery. *See* DE 76 at 2 (Defendants' motion in limine, noting: "Defendants will show the Forms are genuine[.]"). Plaintiff's position is that he did not fill out this form, and that the form was fabricated by Defendants to avoid liability in this litigation. *See* DE 71 at 2-3 (discovery order by Magistrate Judge Brannon, noting: "Plaintiff seeks to prove . . . that these are fraudulent documents deliberately prepared by Defendants for this litigation. Plaintiff has made abundantly clear that his chosen strategy . . . is to use these documents against Defendants and testify that these are not his numbers and he did not provide them."). Defendant's argument that the form can only be authenticated by Plaintiff essentially goes to an issue that will be decided by the jury: whether the Form I-9 was in fact fraudulently created by Defendants in an attempt to show Healthwise Bakery was Plaintiff's employer, or was instead filled out by Plaintiff when he began working for Healthwise Bakery. *See In re Int'l Mgmt. Associates, LLC*, 781 F.3d 1262, 1267 (11th Cir. 2015) ("Once that prima facie showing of authenticity was made, the ultimate question of the authenticity of the documents would have been left to the factfinder[.]"). Evidence that the form

3

was provided by Defendants' counsel during litigation would be sufficient to "authenticate" it for the purpose for which Plaintiff intends to introduce it. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is *what the proponent claims it is*.") (emphasis added). Accordingly, Defendants' argument regarding lack of personal knowledge is not grounds for excluding the July 1, 2015 letter.

Second, Defendants argue the letter is inadmissible as an offer of compromise under Federal Rule of Evidence 408, which provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. The letter does not fall under Rule 408(a)(1) because it is not an offer of compromise; it is simply a demand that Plaintiff dismiss this action. *See Utah Reverse Exchange, LLC v. Donado*, No. 14–0408–WS–B, 2015 WL 419874 (S.D. Ala. Feb. 2, 2015) ("[T]he defendants did not make a settlement offer, that is, a proposal to compromise the claim at issue in this lawsuit; instead, the defendants presented their demand for the full amount they claim is owed them. Such a demand falls outside Rule 408."). Defendants argue that the letter was an offer of compromise because it offered to forego Defendants' right to seek attorney's fees and costs if Plaintiff voluntarily dismissed the complaint. However, the letter includes no promise that Defendants will forego seeking such fees and costs if the complaint *is* dismissed; it simply

4

indicates Defendants will pursue such remedies if the complaint *is not* dismissed.[2] The Court also notes that the letter is not labeled as a confidential settlement document. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, No. 8:06-CV-421-T-33EAJ, 2008 WL 4080205, at *2 (M.D. Fla. Aug. 28, 2008) ("While an attorney's label on a document may not always afford the protection that the attorney seeks to garner for such document, marking an document as a 'Confidential Offer to Compromise' helps courts decide whether a document is 'intended to be a part of the negotiations toward compromise.'"). Accordingly, Defendants' Motion in Limine to Exclude Compromise Letter [DE 75] is **DENIED**.

B. **Defendants' Motion in Limine to Include Evidence of Plaintiff's Social Security Number, Alien Registration Number, and Immigration Status**

Defendants seek to introduce evidence "of any and all Social Security numbers or alien registration numbers Plaintiff ever used and had and Plaintiff's immigration status during the period of his employment." DE 76 at 4. During discovery in this litigation, two tax forms (a Form I-9 and Form 1099) were produced that list Defendant Healthwise Bakery, LLC as Plaintiff's employer. *See* DE 76-1; DE 76-2. Both forms list a Social Security number for Plaintiff. *Id.* The Form I-9 also lists the number of a permanent resident card, i.e., an alien registration number. DE 76-1. The parties appear to agree that these numbers are false, or at least do not belong to Plaintiff. *See* DE 76 at 2 n.2 (Defendant's motion *in limine*, noting: "Plaintiff contends the social security number and alien registration numbers on the attached Forms I-9 and 1099 are false[.]"); DE 77 at 5 (Plaintiff's motion *in limine*, noting: "Plaintiff responded to Defendants' discovery requests . . . indicating that Plaintiff did not have a social security number or registration number.").

---

[2] Although such a letter could conceivably be the opening salvo in a continuing settlement discussion, Defendants do not argue that the letter is inadmissible as statements made during compromise negotiations under Rule 408(a)(2).

Plaintiff's immigration status is irrelevant to his ability to recover under the FLSA. *See Patel v. Quality Inn S.*, 846 F.2d 700, 706 (11th Cir. 1988) ("undocumented workers are 'employees' within the meaning of the FLSA and that such workers can bring an action under the act for unpaid wages and liquidated damages"); *see also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (finding FLSA plaintiff's use of false Social Security number did not bar recovery). Such evidence is also generally inadmissible under Federal Rule of Evidence 403, as substantially more prejudicial than probative, if offered by Defendants for general impeachment purposes. *See, e.g., Palma v. Safe Hurricane Shutters, Inc.*, No. 07–22913–CIV–AMS, 2011 WL 6030073, *2 (S.D. Fla. Oct. 24, 2011); *Galdames v. N & D Inv. Corp.*, No. 08–20472–CIV, 2010 WL 1330000, *3 (S.D. Fla. Mar. 29, 2010); *see also Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 426 (E.D.N.Y. 2014) (collecting cases). Defendants acknowledge this case law but argue they need to introduce evidence of Plaintiff's immigration status in order to counter an argument that will be made by Plaintiff: that Defendants falsified the Form I-9 listing those numbers. *See* DE 76 at 2. *See Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 2573974, at *3 (S.D. Fla. June 24, 2010) ("[C]ourts have held that the likely prejudice of allowing disclosure of the plaintiff's immigration status outweighs the benefits to the defendants, *absent some particularized reason for the information*.") (emphasis added).

The Court rules that, at the beginning of trial, evidence of Plaintiff's immigration status is inadmissible under Federal Rule of Evidence 403 and the case law cited *supra*. However, if during trial Defendants believe that Plaintiff has opened the door to this type of evidence, Defendants may request a sidebar for the Court to consider, outside of the jury's hearing, whether and to what extent this evidence should be admitted. *See generally Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) ("[W]hen a party opens the door to a topic, the admission

6

of rebuttal evidence on that topic becomes permissible. . . . Permissible does not mean mandatory, however; the decision to admit or exclude rebuttable testimony remains within the trial court's sound discretion."). Accordingly, Defendants' Motion *in Limine* to Include Evidence of Plaintiff's Social Security Number, Alien Registration Number, and Immigration Status [DE 76] is **DENIED** without prejudice.

C.   **Plaintiff's Motion *In Limine***

   1. **Reference to attorney's fees, costs, and liquidated damages**

The parties agree that Plaintiff's potential entitlement to attorney's fees, costs, and liquidated damages may not be referenced at trial. *See* DE 77 at 1; DE 84 at 1. However, the Court agrees with Defendant that Defendant may introduce evidence of its good faith in order to defend against any claim for liquidated damages. *See Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014) ("Arguments may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury. . . . Furthermore, it could be unduly prejudicial-with no probative value-for the jury to hear that Plaintiffs may be awarded double damages if the jury finds that Defendants acted willfully."). Accordingly, Plaintiff's Motion in Limine [DE 77] is **GRANTED** in part.

   2. **Reference to Plaintiff's immigration status, social security numbers, or alien registration numbers and to Plaintiff's payment or non-payment of taxes**

As discussed *supra*, this evidence is inadmissible unless and until Plaintiff opens the door to it at trial. Accordingly, Plaintiff's Motion in Limine [DE 77] is **GRANTED** in part, but without prejudice to Defendants raising this issue at trial if they believe Plaintiff has opened the door to this evidence.

7

### 3. Testimony of Pablo Araujo

Plaintiff argues that Defendants should not be allowed to call former Defendant Pablo Araujo as a witness at trial because Plaintiff was unable to find Araujo at the address provided in Defendants' Rule 26 initial disclosures, which prevented Plaintiff from either serving or deposing him in this matter. *See* DE 77 at 5-8. Defendants respond that they do not control Araujo, and that they did not take any actions to prevent Plaintiff from serving or deposing Araujo. *See* DE 84 at 6-7.

The Court notes that Defendants do not currently plan to call Araujo as a witness at trial. *See* DE 84 at 6; *see also* DE 88-4 at 2 (pretrial stipulation, listing Araujo as an "extremely unlikely" witness). In the event Defendants attempt to do so, the Court will hear argument from Plaintiff as to why Araujo should be barred from testifying. However, if Plaintiff cannot show either that Araujo was under Defendants' control or that Defendants took some action to prevent Plaintiff from serving or deposing him, barring his testimony would likely be inappropriate. *See S.E.C. v. BIH Corp.*, No. 2:10–cv–577–FtM–29DNF, 2014 WL 3384777, *3 (M.D. Fla. July 10, 2014) (where plaintiff sought to depose defendant's witnesses, who were not listed in Rule 26 initial disclosures, and argued their testimony should be excluded from trial if they failed to appear, the court noted "that sanctions against [Defendant], such as preventing non-appearing witnesses from testifying a trial, are unlikely absent evidence that the witnesses were under his control or that he took any action to procure their failure to appear"); *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 WL 3157192, *3 (M.D. Fla. Aug. 4, 2008) (declining to bar testimony of nonparty witnesses who failed to appear for deposition, where there was no indication that plaintiff had any control over these witness or took any action to procure their failure to appear).

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Motion in Limine to Exclude Compromise Letter [DE 75] is **DENIED** because the letter in question is not an offer of compromise within the meaning of Federal Rule of Evidence 408.

2. Defendants' Motion in Limine to Include Evidence of Plaintiff's Social Security Number, Alien Registration Number, and Immigration Status [DE 76] is **DENIED** without prejudice to Defendants raising this issue at trial, if they believe Plaintiff has opened the door to this evidence.

3. Plaintiff's Motion in Limine [DE 77] is **GRANTED** in part, in that references to attorney's fees, costs, and liquidated damages are inadmissible at trial, and Plaintiff's immigration status is inadmissible unless the Court finds Plaintiff has opened the door to such evidence.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of December, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE